In the Matter of the Liquidation of NATIONAL SURETY COMPANY.

LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of NATIONAL SURETY COMPANY, NATIONAL BONDHOLDERS CORPORATION and Its Subsidiaries, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and STEWART MAURICE, Appellants; MONTGOMERY, PEABODY, GRACE & DERBY, Respondents. (Appeal No. 1.)

In the Matter of the Liquidation of NATIONAL SURETY COMPANY.

LOUIS H. PINK, Superintendent of Insurance of tLe State of New York, as Liquidator of NATIONAL SURETY COMPANY, NATIONAL BONDHOLDERS CORPORATION and Its Subsidiaries, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, and STEWART MAURICE, Appellants; HENRY K. BURNS and Others, Constituting the Protective Committee for Unsecured Creditors of NATIONAL SURETY COMPANY, Respondents. (Appeal No. 2.)

First Department, December 23, 1937.

*Edward F. Keenan* of counsel [*Samuel Boksenbom* with him on the brief; *Edward F. Keenan,* attorney], for the Superintendent of Insurance of the State of New York, as liquidator of National Surety Company.

*Stewart Maurice* of counsel (in person) [*Thomas E. White,* attorney], for the Fidelity and Deposit Company of Maryland.

*James M. Grossman* of counsel [*Ralph Wolf* with him on the brief; *Hays, Wolf, Kaufman & Schwabacher,* attorneys], for the National Bondholders Corporation and its subsidiaries.

*J. Seymour Montgomery, Jr.,* of counsel [*John S. Montgomery* with him on the brief; *Montgomery, Peabody, Grace & Derby,* attorneys], for the respondents and respondents' protective committee.

PER CURIAM. By the orders appealed from the applications of Montgomery, Peabody, Grace & Derby, as attorneys for Henry K. Burns and others, constituting the protective committee for unsecured creditors of National Surety Company, for an allowance of $100,000 for services rendered as counsel for the committee, and the application of said committee for the allowance for disbursements in the sum of $4,719.11, have been granted to the extent of referring the question of the reasonableness of the amounts sought in each application to a referee for determination and to report thereon to the court.

In our view both orders were improper. An examination of the record discloses that the respondent committee herein, neither through its members nor through its attorneys, did anything either to conserve or to increase the assets of the corporation, which was taken over by the Superintendent of Insurance for rehabilitation purposes. They were not, therefore, in any manner entitled to reimbursement for expenditures nor for payment for alleged legal services rendered.

It follows, therefore, that the orders appealed from should be reversed, with twenty dollars costs and disbursements, and the motions denied.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Orders unanimously reversed, with twenty dollars costs and disbursements, and the motions denied.